MARION G. DINSMORE, Trading as T. M. Dinsmore
and Company,

*vs.*

NATHANIEL A. RICE, Trading as A. Rice and Company.

*Uniform Sales Act: notice of rejection.*

For the vendee of a horse that had been sent on approval merely to communicate to the seller the fact that the animal was slightly ill, and that it was being attended by the buyer's veterinarian, is not a notice of rejection so as to comply with what is required in such cases by the provisions of the Uniform Sales Act in section 40 of Article 83 of the Code.          p. 213

*Decided April 4th, 1916.*

Appeal from the Superior Court of Baltimore City. (Soper, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Pattison, Urner, Stockbridge and Constable, JJ.

*Geo. Washington Williams* (with whom was *Jno. H. Richardson* on the brief), for the appellant.

*Charles F. Harley* (with whom were *Jno. A. Wheltle* and *Burdette B. Webster* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

This is the second appeal to this Court in this case, the first being reported in 124 Md. 276.' The judgment for the plaintiff having been reversed for errors in an instruction, upon the new trial judgment was entered for the defendant, and an allowance of a counsel fee made to him.

The facts in the present record are substantially the same as those appearing in the prior record, and since the opinion in the first appeal stated them, it will be only necessary to restate them briefly. The apellant is a retail dealer in hay, feed and grain, and the appellee a dealer in horses. The appellant brought suit for the recovery of an amount claimed to be due him for feed furnished the appellee. The appellee admitted the correctness of the account filed with the `narr.`, but claimed by way of set-off that the appellant was indebted to him in a sum less than the amount sued for, the same being the purchase price of a horse alleged to have been purchased by the appellant from him; and paid the appellant the difference between the account and the purchase price of the horse. The only question involved in the trial was whether or not the appellee was entitled to an allowance for the purchase price of the horse.

The amount claimed as a set-off was admitted by the appellant as the agreed price of the horse, and it was also admitted that the horse was perfectly sound. The appellant's contention was that the horse died in his possession under such a set of circumstances that he was under no obligation to pay for it. Those circumstances were, according to the appellant's testimony, that the appellant, Dinsmore, went to the stables of the appellee and looked at a horse that Dr. Nolan, a veterinary surgeon, had recommended to

him.    The horse, apparently, being suited for the purpose
for which it was wanted and the price agreed upon, was
ordered by Dinsmore to be sent to his place, on trial, but no
definite time was fixed for its acceptance or rejection.    The
horse was delivered on Thursday.    The following Friday
and Saturday were stormy days and the horse was worked
for about five hours on the latter day.    On the afternoon of
that day, Dinsmore called Rice over the telephone and told
him he had not been able to report as to the horse, and said
to him: "I have been detained downtown and I will either
accept or reject the horse by Monday, twelve o'clock."    The
next day, Sunday, the horse was slightly ill with a cold, and
Dinsmore again called Rice and told him that the horse was
ill, but that Dr. Nolan had reported it as not anything
serious; and that Rice had answered: "That is all right,
Marion, he can do as much for him as I can."    On Wednes-
day, it was apparent for the first time that the horse was
very ill and shortly afterward on the same day, it died from
congestion of the lungs.

The contention of the appellee was that it was not a sale
on trial, but that the horse had been purchased outright on
the day it was delivered; and he denied that he had had the
conversation testified to by Dinsmore as to reporting on
Monday whether or not he would take the horse.

The appellant offered no prayers, but the appellee offered
several, two of which were granted by the Court, and it is
the first of these which the appellant urges is erroneous and
should be the basis of a reversal.    The prayer is as follows:

"Even though the jury find that the horse mentioned in
the evidence, was delivered by the defendant, Rice, to the
plaintiff, Dinsmore, on trial, yet, nevertheless, their verdict
should be for the defendant, if they further find that under
all the circumstances of the case, the plaintiff retained the
horse for an unreasonable time without giving notice of his
rejection of said horse to the defendant."

The first judgment was reversed because a prayer granted
at the instance of the plaintiff directed a verdict for the

plaintiff if they found from the evidence that the plaintiff had never accepted the horse. This Court held that the facts of the case made applicable those provisions of the Uniform Sales Act as codified as Article 83, sec. 40, Rule 3 (2) A and B, and that the instruction was erroneous because it ignored the question of notice of rejection and made the plaintiff's liability depend upon the question of acceptance.

Assuming the truth of the testimony of the appellant that the appellee agreed to allow him until Monday at twelve o'clock, to either accept or reject the horse, although this testimony may be said to be materially different from the testimony at the former trial, we nevertheless are of the opinion that the above referred to provisions of the Uniform Sales Act are still applicable to this case. It is thereby provided that when goods are delivered to a buyer on trial, the property therein passes to the buyer:

"(*a*) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction;

"(*b*) If he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then if a time has been fixed for the return of the goods, *on the expiration of such time,* and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact."

Assuming the appellant's testimony to mean that, although in the beginning of the transaction no time had been fixed for a return of the horse, yet by the Saturday conversation the time for the return was fixed as of Monday at twelve o'clock, still in order to escape liability, it was incumbent upon him to show at or before that time he had given notice of rejection. And as to this, there is not a word in the record that there was a communication of any character between the parties after Saturday's conversation, except the notice on Sunday, that the horse was suffering from a cold, until some little time after the death of the horse. That he merely communicated to the seller the fact that the horse

was slightly ill and was being attended by the buyer's veterinarian, could not be considered by the jury as operating as a performance of his agreement to notify him of his acceptance or rejection. The appellant clearly explained that it was his understanding that if he did not notify the seller by Monday at twelve o'clock, the horse was to belong to him. Admitting all of the testimony of the appellant as to the Sunday notice, we are of the opinion that there is nothing in it that could be construed to relieve him of his obligation to give notice of his rejection. The prayer, therefore, instead of requiring the jury to find whether or not the horse was retained an unreasonable time without notice of rejection, should have directed a verdict for the defendant if the jury found that the buyer retained it without notice of rejection after Monday at twelve o'clock. In the absolute absence of any such notice, the jury could not have found any other verdict, so, therefore, no injury was done the appellant by the granting of the prayer in the form offered.

Exceptions to an allowance of a counsel fee to the appellee were overruled. It is clear from the record that the suit instituted by the appellant was the outgrowth alone of the dispute over the horse, and since the only judgment entered in the case was in favor of the defendant, we think the allowance to him of a counsel fee is not only within the letter but within the spirit of Chapter 123 of the Acts of 1898 as amended by Chapter 644 of the Acts of 1908, as well.

Finding no reversible error, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*